UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FEDRIK D.W.,

                        Petitioner,

v.

PAMELA BONDI, *United States Attorney General*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*; and

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*,

                        Respondents.

Civil No. 26-1294 (JRT/JFD)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Ashlynn Kendzior and Evan Joel Mulholland, **MINNESOTA CENTER FOR ENVIRONMENTAL ADVOCACY**, 1919 University Avenue West, Suite 515, St. Paul, MN 55104, for Petitioner.

David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; and Troy Robert Morley **DEPARTMENT OF JUSTICE**, 225 South Pierre Street, P.O. Box 7240, Suite 337, Pierre, SD 57501, for Respondents.

Petitioner Fedrik D.W. was detained by U.S. Immigration and Customs Enforcement ("ICE") officials early in the morning on February 10, 2026, while leaving his

residence to go to work. (Am. Verified Pet. for Writ of Habeas Corpus ¶ 15, Feb. 10, 2026, Docket No. 2.) The same day, Petitioner filed a petition and an amended petition for writ of habeas corpus, challenging the lawfulness of his detention. (*See* Docket Nos. 1–2.) Because the Court concludes that Petitioner is being detained unlawfully, the Court will grant the petition and order Petitioner's immediate release.

## DISCUSSION

Petitioner Fedrik D.W. is a citizen of Nicaragua and a resident of Maplewood, Minnesota. (Am. Pet. ¶ 7.) He has lived in the United States since September 2022, has a pending asylum application, and is not subject to a final order for removal. (*Id.* ¶¶ 12–13.) Petitioner is currently detained in Minnesota. (*Id.* ¶ 7.)

Respondents rely on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention. The Court rejects that justification. After thorough review of the parties' filings, the Court concludes that the legal issues presented by Petitioner's habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, Civ. No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025); *Romero Santuario v. Bondi*, Civ. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025) and *Iishaar-Abdi v. Klang*, Civ. No. 25-4686, 2025 WL 3764853, at *1 n.2 (D. Minn. Dec. 30, 2025). Section 1225(b)(2) does not authorize the mandatory detention of an individual already present in the United States.

Respondents have provided the Court with an administrative warrant dated February 10, 2026, and contend that "if the Court determines Petitioner is detained under

§ 1226(a) and not under § 1225(b)(2), then the appropriate remedy is to order a custody redetermination hearing instead of immediate release." (Resp. at 1–2, Feb. 12, 2026, Docket No. 6.)

However, much about the warrant remains unclear. Respondents do not provide an accompanying declaration explaining the legal basis for the warrant, attesting to its validity, identifying the officers who issued and obtained it, or confirming that those officers had received the necessary training to issue and serve warrants. *Cf.* 8 C.F.R. § 287.5. It appears likely that the I-200 warrant was issued either in the field or after Petitioner was arrested and detained; it is dated the same day as the Petitioner's detention, which occurred at around 6:00 am. (Resp., Ex. 1; Pet. ¶ 15.) The Court is persuaded by the reasoning *Castanon Nava v. Department of Homeland Security*, that ICE lacks statutory and regulatory authority to engage in a policy of issuing I-200 warrants to collaterals in the field without the concurrent or prior issuance of a notice to appear (NTA). Civ. No. 18-3757, 2025 WL 2842146, at *17 (N.D. Ill. Oct. 7, 2025). For several reasons, including that Respondents have not provided a corresponding NTA, the Court concludes that this warrant does not alter the Court's analysis here.

It is clear to the Court from Respondents' filings that they continue to assert legal authority to detain Petitioner under § 1225, not § 1226. And as explained above, § 1225 is not a lawful basis for mandatory detention in this case.

The Court therefore turns to the proper remedy.  Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b) and (2) Respondents have not produced a valid warrant to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody.  *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court will grant Fedrik D.W.'s petition for writ of habeas corpus and will order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Fedrik D.W.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately.  Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold.  It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's license, passports, or immigration documents, and **without conditions** such as location tracking devices.

f. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

g. Both parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 17, 2026**.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: February 14, 2026
at Minneapolis, Minnesota.
Time: 4:15 p.m.

JOHN R. TUNHEIM
United States District Judge